

**U. S. Department of Justice**
*United States Attorney*
*Central District of California*

*United States Courthouse*
*312 North Spring Street, 12th Floor*
*Los Angeles, California 90012*

May 11, 2009

Edward McQuat, Esq.
The Blanch Law Firm, P.C.
350 Fifth Avenue
68th Floor
New York, New York 10118
212.736.9721 (t)
212.629.3219 (f)
917.617.4479 (m)

CR. 09-87

Re: Plea Agreement with DMITRY GUZNER

Dear Mr. McQuat:

This letter sets forth the plea agreement between your client, DMITRY GUZNER, and the United States Attorney for the Central District of California ("this Office").

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from DMITRY GUZNER to an information which charges unauthorized impairment of a protected computer in violation of 18 U.S.C. § 1030(a)(5)(A)(i), (B)(i). If DMITRY GUZNER enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against DMITRY GUZNER relating to his participation in the distributed denial of service ("DDOS") attack against Church of Scientology websites in January 2008. However, in the event that the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by DMITRY GUZNER may be commenced against him, notwithstanding the expiration of the limitations period after DMITRY GUZNER signs the agreement. DMITRY GUZNER agrees to waive any statute of limitations with respect to any crime that would otherwise expire after DMITRY GUZNER signs the agreement.

Sentencing

The violation of 18 U.S.C. § 1030(a)(5)(A)(i), (B)(i), to which DMITRY GUZNER agrees to plead guilty carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon DMITRY GUZNER is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence DMITRY GUZNER ultimately will receive.

Further, in addition to imposing any other penalty on DMITRY GUZNER, the sentencing judge: (1) will order DMITRY GUZNER to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order DMITRY GUZNER to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order DMITRY GUZNER, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; and (4) pursuant to 18 U.S.C. § 3583, must require DMITRY GUZNER to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should DMITRY GUZNER be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, DMITRY GUZNER may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

In addition, DMITRY GUZNER agrees to make restitution to the community pursuant to 18 U.S.C. § 3663(c)(2) and U.S.S.G. § 5E1.1(d) in the amount of $37,500 (jointly and severally liable with others who participated in the DDOS attack) and that he is able to make such payments.

## Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on DMITRY GUZNER by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of DMITRY GUZNER's activities and relevant conduct with respect to this case.

## Stipulations

This Office and DMITRY GUZNER agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or DMITRY GUZNER from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and DMITRY GUZNER waive certain rights to file an appeal, collateral attack,

writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Other Provisions

This agreement is limited to the United States Attorney's Office for the Central District of California and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against DMITRY GUZNER. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Federal Bureau of Investigation), or any third party from initiating or prosecuting any civil proceeding against DMITRY GUZNER.

No Other Promises

This agreement constitutes the plea agreement between DMITRY GUZNER and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

THOMAS P. O'BRIEN
United States Attorney

*Wesley Hsu*

By: WESLEY L. HSU
Assistant U.S. Attorney
Chief, Cyber and Intellectual
Property Crimes Section

I have received this letter from my attorney, Edward McQuat, Esq., I have read it, and I understand it fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

AGREED AND ACCEPTED:

_____  Date: 5-11-09
DMITRY GUZNER

_____  Date: 5-11-09
Edward McQuat, Esq.

<u>Plea Agreement With DMITRY GUZNER</u>

<u>Schedule A</u>

1.  This Office and DMITRY GUZNER recognize that the United States Sentencing Guidelines are not binding upon the Court.

2.  The version of the United States Sentencing Guidelines effective November 1, 2008 applies in this case. The applicable guideline is U.S.S.G. § 2B1.1. This guideline carries a Base Offense Level of 6.

3.  The total loss to the victims that was foreseeable to DMITRY GUZNER was between $30,000 and $70,000, resulting in an increase of 6 levels. <u>See</u> U.S.S.G. § 2B1.1(b)(1)(D).

4.  DMITRY GUZNER will plead guilty to a violation 18 U.S.C. § 1030(a)(5)(A)(i), resulting in an increase of 4 levels. <u>See</u> U.S.S.G. § 2B1.1(b)(15)(A)(ii).

5.  As of the date of this letter, DMITRY GUZNER has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if DMITRY GUZNER's acceptance of responsibility continues through the date of sentencing. <u>See</u> U.S.S.G. § 3E1.1(a).

6.  As of the date of this letter, DMITRY GUZNER has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. If DMITRY GUZNER enters a plea pursuant to this agreement and qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and if in addition DMITRY GUZNER's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater, DMITRY GUZNER will be entitled to a further 1-point reduction in his offense level pursuant to U.S.S.G. § 3E1.1(b).

7.  In accordance with the above, the parties agree that the total Guidelines offense level applicable to DMITRY GUZNER is 13 (the "agreed total Guidelines offense level").

8. The defendant reserves the right to make a downward departure motions. The Government reserves the right to oppose any such motion that seeks a sentence lower than one-level below the agreed total Guidelines offense level (or the final total Guidelines offense level after any government motion pursuant to U.S.S.G. § 5K1.1 is granted).

9. DMITRY GUZNER knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 13. This Office will not file (nor request the District of New Jersey to file) any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 12. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

10. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.